1  VICTOR DE GYARFAS, CA Bar No. 171950
     vdegyarfas@foley.com
2  JIANING G. YU, CA Bar No. 297098
     jyu@foley.com
3  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3300
4  LOS ANGELES, CA 90071-2411
   TELEPHONE:  213-972-4500
5  FACSIMILE:   213-486-0065

6  Attorneys for Plaintiff CLEAN SAFETY, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CLEAN SAFETY, INC., a California corporation,<br><br>                                 Plaintiff,<br><br>vs.<br><br>RUBY TRUCKING LLC, a California limited liability company,<br><br>                                 Defendant. | Case No. 5:21-cv-00225<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT**<br>2. **FEDERAL UNFAIR COMPEITION**<br>3. **UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Clean Safety, Inc. ("Clean Safety" or "Plaintiff"), by and through its attorneys, alleges as follows:

### JURISDICTION AND VENUE

1.     Among other claims, Plaintiff asserts violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related state law claims.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction over the claims in this Complaint that arise under California law pursuant to 28 U.S.C. §§ 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

-1-

4851-8791-2667.2

2.  This Court has personal jurisdiction over the Defendant Ruby Trucking LLC ("Ruby Trucking" or "Defendant") and venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391. Plaintiff is informed and believe, and on that basis alleges, that Defendant has conducted and continue to conduct business in this District and has engaged in the complained of activities in this Judicial District.

## THE PARTIES

3.  Plaintiff Clean Safety is a California Corporation with its principal place of business in California at 2235 E Francis St., Ontario, CA 91761.

4.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Ruby Trucking LLC is a California limited liability company with an entity address of 611 N. Alhambra Ave. #I, Monterey Park, CA 91755.

5.  Plaintiff is informed and believes, and on that basis alleges, that Defendant has ongoing and systematic contacts with this Judicial District, and has placed the products at issue in this litigation into the stream of commerce knowing and expecting that such products would end up in this Judicial District.

6.  Plaintiff is informed and believes, and on that basis alleges, that this Judicial District is a hub from which Defendant implements the importation, purchase, use, marketing, sale and/or offer for sale of the products at issue identified herein.

## FACTUAL BACKGROUND

7.  Personal Protective Equipment ("PPE") is equipment worn to minimize exposure to hazards that cause serious workplace injuries and illnesses. In the current COVID-19 pandemic, the necessity for, and sales of PPE have skyrocketed. Among other things, the need for PPE such as patient examination gloves has increased dramatically.

8. Plaintiff imports and sells authentic Clean Safety branded Blue Nitrile Gloves that are frequently used in circumstances where PPE is required. Plaintiff's Blue Nitrile Gloves have developed a reputation for being desirable, good quality patient examination gloves. True and accurate photographs of authentic Plaintiff's packaging for Blue Nitrile Gloves are shown below:



9.     Defendant has distributed in interstate commerce a counterfeit version of Plaintiff's packaging for Blue Nitrile Gloves ("Counterfeit Gloves").  A true and accurate photograph of Defendant's counterfeit packaging for Blue Nitrile Gloves is shown below. In a box that was supposed to contain 100 gloves, no more than 70 gloves were provided.



10.     A true and accurate photographs comparing Plaintiff's authentic Blue Nitrile Gloves and Defendant's Counterfeit Gloves is shown below.



11.     Defendant is intentionally attempting to, and succeeding in deceiving and creating a false impression among a substantial segment of potential consumers that the Counterfeit Gloves are authentic Clean Safety Blue Nitrile patient examination gloves sponsored or approved by Plaintiff.

12.     Defendant's deception is material in that it is likely to influence consumers' purchasing decisions because a substantial segment of potential consumers want to buy Plaintiff's approved patient examination gloves.

13.     Plaintiff is informed and believes and upon that basis alleges that, consumers of Defendant's Counterfeit Gloves were deceived into thinking that they were buying authentic Clean Safety Blue Nitrile Gloves. Because Defendant's Counterfeit Gloves are not actually authentic Clean Safety Blue Nitrile Gloves, consumers have been injured when

-4-

they purchased unauthorized patient examination gloves.

14. Defendant was warned to stop its illegal acts in a letter from Plaintiff's counsel dated January 16, 2021, but Defendant never responded to that letter or stopped its illegal acts complained of herein.

15. As a result of Defendant's intentionally deceptive acts, Plaintiff has been or is likely to be competitively injured as a result of Defendant's sales and advertising in that Plaintiff's ability to compete with Defendant will be harmed and Plaintiff will suffer a loss of goodwill.

## CLAIM 1: FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(1)(a))

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint as though fully set forth herein.

17. Plaintiff is the owner of U.S. federal trademark Reg. No. 4,459,128 for the CLEAN SAFETY mark.  A copy of the registration certificate for Reg. No. 4,459,128 is attached hereto as Exhibit 1 and a copy of the assignment of the mark to Plaintiff is attached hereto as Exhibit 2.

18. Plaintiff has used the CLEAN SAFETY mark in commerce in connection with its authentic Clean Safety Blue Nitrile Gloves.

19. Plaintiff is informed and believes and upon that basis alleges that, Defendant had both actual and constructive knowledge of Plaintiff's ownership of and rights in its federally registered mark prior to Defendant's infringing use of those marks.

20. Defendant adopted and continues to use in commerce Plaintiff's federally registered mark, and marks confusingly similar thereto, with full knowledge of Plaintiff's superior rights, and with full knowledge that their infringing use of Plaintiff's marks was intended to cause confusion, mistake and/or deception.

21. Defendant offers its goods and services under the infringing mark in the same channels of trade as those in which Plaintiff's legitimate goods are offered.

22. Defendant's infringing use of Plaintiff's name and mark in connection with

the sale and distribution of Counterfeit Gloves is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association with Plaintiff, in violation of 15 U.S.C. § 1114.

23. Defendant's actions constitute knowing, deliberate, and willful infringement of Plaintiff's federally registered mark. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

24. As a result of Defendant's infringement, Plaintiff has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## CLAIM 2: FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this complaint as though fully set forth herein.

26. Lanham Act § 43(a), 15 U.S.C. § 1125(a), provides in relevant part:

   (a) Civil action

   (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

   (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

   (B) in commercial advertising or promotion, misrepresents the nature,

-6-

characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

27. Without right, license, or authorization from Plaintiff, Defendant has willfully sold Counterfeit Gloves in violation of 15 U.S.C. § 1125(a).

28. Plaintiff has been, and will continue to be, seriously and irreparably damaged unless Defendant is preliminarily and permanently enjoined from selling, and advertising its Counterfeit patient examination gloves. In addition, by reason of Defendant's actions, Defendant has unlawfully profited, and Plaintiff has been damaged, in amounts which have not yet been fully determined.

29. Plaintiff is entitled to Defendant's profits and to recover its damages, its attorneys' fees, and costs, and disbursements incident to its claim of statutory unfair competition.

## CLAIM 3: UNFAIR COMPETITION
### (California Business and Professions Code § 17200)

30. Plaintiff incorporates by reference paragraphs 1 through 29 of this complaint as though fully set forth herein.

31. Defendant's actions complained of constitute unfair competition under California Business and Professions Code § 17200.

32. Plaintiff is informed and believes that the foregoing unfair and deceptive conduct is ongoing and that Defendant has engaged in these practices to further its own financial gain.

33. Plaintiff, on behalf of itself and the general public, requests that an injunction issue to enjoin Defendant from continuing its unfair and deceptive practices.

34. Plaintiff, on behalf of itself and the general public, requests restitution and/or disgorgement of Defendant's profits and other ill-gotten gains wrongfully obtained through its unfair and deceptive practices.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the unlawful conduct of Defendant as alleged in the claims above, Plaintiff respectfully prays for judgment against Defendant as follows:

A. That Defendant be adjudged to have engaged in trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

B. That Defendant be adjudged to have engaged in unfair competition in violation of 15 U.S.C. § 1125(a).

C. That Defendant be adjudged to have engaged in unfair competition in violation of California Business and Professions Code § 17200.

D. That Defendant's trademark infringement, federal unfair competition, and state law unfair competition be adjudged willful and deliberate.

E. For an accounting for all profits of Defendant derived by reason of the acts alleged in this Complaint.

F. For an order compelling Defendant to disgorge the amounts by which it has been unjustly enriched by the acts alleged herein and restitution.

G. That Defendant and its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with it be preliminarily and permanently enjoined from:

(1) Infringing the CLEAN SAFETY mark;

(2) Selling counterfeit Clean Safety Blue Nitrile patient examination gloves;

(3) Advertising counterfeit Clean Safety Blue Nitrile patient examination gloves;

(4) Passing off its goods and/or services as those authorized by Plaintiff;

(5) Engaging in any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's goodwill or business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception; and

(6) Unfairly competing with Plaintiff.

H.   For an order from this Court compelling Defendant to inform all customers who purchased counterfeit Clean Safety Blue Nitrile patient examination gloves that it willfully sold counterfeit patient examination gloves and mail notice letters at its own expense to all distributors, dealers, accounts, salesmen, employees, jobbers, suppliers, and purchasers informing them that Defendant has committed unfair competition, and that Defendant has no affiliation, connection, or other business relationship with Plaintiff, and requesting that the letter recipients return to Defendant for full credit or refund all of Defendant's counterfeit patient examination gloves.

I.   For an order from this Court commanding that Defendant deliver to Plaintiff for destruction all advertising, products, patient examination gloves, labeling, packaging, sales literature, promotional literature, owner's manuals, catalogs, displays, boxes, packages, and other trade pieces within its possession or control and which were sold or used in connection with sales of counterfeit Clean Safety Blue Nitrile patient examination gloves.

J.   That a constructive trust be imposed on all revenue, income and things of value derived by Defendant in the marketing and selling of patient counterfeit Clean Safety Blue Nitrile patient examination gloves.

K.   For judgment, relief, and requests as set forth in this Complaint.

L.   For an award of reasonable attorney's fees, prejudgment interest, and costs of this action.

M.   For such other, further, and different relief as the court deems proper under the circumstances.

DATED: February 8, 2021                **FOLEY & LARDNER LLP**
                                        Victor de Gyarfas
                                        Jianing G. Yu


                                        */s/ Victor de Gyarfas*
                                        Victor de Gyarfas
                                        Attorneys for Plaintiff CLEAN SAFETY, INC.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 8, 2021	**FOLEY & LARDNER LLP**
Victor de Gyarfas
Jianing G. Yu

*/s/ Victor de Gyarfas*
Victor de Gyarfas
Attorneys for Plaintiff CLEAN SAFETY, INC.